UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953
Fax (410) 962-2985

May 1, 2015

LETTER TO COUNSEL

      RE:    *Christina Armani v. Commissioner, Social Security Administration*;
               Civil No. JMC-14-CV-976

Dear Counsel:

Plaintiff Christina Armani filed this action seeking review of the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. After considering the parties' cross-motions for summary judgment and Ms. Armani's reply, on March 11, 2015, I determined that the Commissioner's decision was supported by substantial evidence and that the agency employed proper legal standards, and I thus granted the Commissioner's Motion for Summary Judgment. [ECF No. 27]. On March 18, 2015, the United States Court of Appeals for the Fourth Circuit issued a published opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. The Fourth Circuit determined that remand was appropriate in *Mascio* for three distinct reasons. Thereafter, on March 31, 2015, Ms. Armani filed a motion for reconsideration of the Court's March 11, 2015, Order, based on the Fourth Circuit's ruling in *Mascio*. I have considered Ms. Armani's motion, the Commissioner's response in opposition thereto, and Ms. Armani's reply. [ECF Nos. 31, 34, 35].

Although the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, the Local Rules of this Court permit their filing within fourteen days of the issuance of the order that is their subject, except as otherwise provided in Federal Rules of Civil Procedure 50, 52, 59, or 60. Loc. R. 105.10 (D. Md. 2014). Federal Rule of Civil Procedure 59(e), which applies to "final judgments," provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); Fed. R. Civ. P. 59(e). Because the Court's March 11, 2015, Order was a final judgment, it is governed by Rule 59(e), rather than the local rule. *See American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment."). Accordingly, Ms. Armani's motion to reconsider will be treated as a motion to alter or amend the Court's judgment under Rule 59(e).[1]

---

[1] Also pending is a Consent Motion for Extension of Time To File Motion for Reconsideration [ECF No. 28], which discusses Ms. Armani's excusable neglect for failing to file her motion for reconsideration within the fourteen day window provided by Local Rule 105.10. Federal Rule of Civil Procedure 59, however, provides a twenty-eight day

A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Because the Fourth Circuit's decision in *Mascio* changed Fourth Circuit law governing Social Security appeals, for the reasons set forth below, Ms. Armani's motion to alter or amend the Court's March 11, 2015 Order is GRANTED.

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the boilerplate used to explain the ALJ's credibility analysis, implied that he first determined the claimant's RFC, and then used it to evaluate the credibility of the claimant's subjective statements about her pain.[2] *Mascio*, 780 F.3d at 639. The Fourth Circuit held that the ALJ's implication was contrary to the agency's regulations and rulings. *Id.* Instead, the court explained that the ALJ should have compared the claimant's subjective statements with the other evidence in the record, not the claimant's RFC. *Id.* The Court explained that the ALJ's error would have been harmless if he properly analyzed credibility elsewhere. *Id.* However, the Fourth Circuit held that the ALJ did not properly analyze the claimant's credibility, despite providing three reasons for rejecting the claimant's statements. *Id.* The ALJ in *Mascio* credited some, but not all, of the claimant's statements, and the Fourth Circuit found that the lack of explanation concerning how the ALJ decided which of the claimant's statements to credit, required remand. *Id.* at 639-40. The Court's holding constituted a change of controlling law, because it requires the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter.

In this case, the ALJ employed the boilerplate credibility language with which the Fourth Circuit took issue in *Mascio*, and I cannot conclude that the improper implication arising therefrom was dispelled by an otherwise proper credibility analysis. It is clear that the ALJ found both Ms. Armani and her mother to be credible to some extent, but I cannot ascertain which of their statements the ALJ believed, and which he discredited. The requirements for a proper credibility analysis, as set forth by the Fourth Circuit in *Mascio*, are not satisfied, and remand is required. I am unpersuaded by the Commissioner's suggestion that Ms. Armani might have raised a similar credibility argument without *Mascio's* guidance. As explained herein, *Mascio* imposes more stringent standards by which both the ALJ's overall RFC assessment, and the credibility evaluation, are evaluated. Accordingly, Ms. Armani's *Mascio*-based argument could not, contrary to the Commissioner's contention, have been raised prior to the entry of final judgment in this case.

---

window within which a party must file her motion. Because Ms. Armani filed her motion within that window, the consent motion for extension of time is DENIED AS MOOT.

[2] The problematic boilerplate states: "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Mascio*, at 639

*Christina Armani v. Commissioner, Social Security Administration*;
Civil No. JMC-14-CV-976
May 1, 2015
Page 3

    Although it was not argued in Ms. Armani's motion for reconsideration, one of the other bases for remand in *Mascio* merits discussion here and signifies a change in Fourth Circuit law. In *Mascio*, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. One of the three distinct reasons the Fourth Circuit remanded *Mascio* was because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work.[3] The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

    In this case, at step three of the sequential evaluation, the ALJ determined that "with regard to concentration, persistence, or pace," Ms. Armani has "moderate difficulties." (Tr. 38). In support of his determination the ALJ noted (1) Ms. Armani's own statement that she is able to pay attention for up to an hour; (2) low scores in memory and concentration on psychological testing; and (3) a State agency physician's opinion setting forth moderate limitations with respect to Ms. Armani's ability to maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 38-39). At first blush, this case might appear distinguishable from *Mascio* because the ALJ's RFC assessment includes limitations related to Ms. Armani's mental impairments, beyond a limitation to simple, routine tasks or unskilled work. For example, the ALJ limited Ms. Armani to no "independent planning or goal-setting" and to "no required interaction with the public and occasional required interaction with supervisors and co-workers." (Tr. 39). Based on the ALJ's statement, however, that his denial of Ms. Armani's claim for benefits was "based on the existence of jobs that will accommodate [Ms. Armani's] difficulties with interpersonal relations," (Tr. 41), and the fact that none of the limitations are obviously related to the ability to stay on task, I cannot determine that the ALJ's RFC assessment accounts for Ms. Armani's difficulties with concentration, persistence, and pace. My inability to determine whether the ALJ accounted for Ms. Armani's concentration, persistence, and pace difficulties in this case is inextricably linked to the ALJ's inadequate credibility assessment. Accordingly, on remand, the ALJ should assess the credibility of Ms. Armani's complaints concerning her concentration, and explain how his RFC assessment accommodates those complaints, if credible, as well as the additional evidence documenting her difficulties with concentration, persistence, or pace. In

---

[3] In *Mascio*, the hypothetical the ALJ posed to the VE did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Christina Armani v. Commissioner, Social Security Administration*;
Civil No. JMC-14-CV-976
May 1, 2015
Page 4

remanding, I express no opinion regarding whether the ALJ's ultimate determination, that Ms. Armani is not disabled, is correct or incorrect.

For the reasons set forth herein, Ms. Armani's motion for reconsideration, construed as a motion to alter or amend a judgment, [ECF No. 31] is GRANTED, and the Court's March 11, 2015, Order [ECF No. 27] is VACATED.  Ms. Armani's Motion for Summary Judgment [ECF No. 18] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 23] is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge